**No. 25-5220**

**IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

DARYL WHITFIELD,

Plaintiff-Appellant,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security,

Defendant-Appellee.

On Appeal from the United States District Court for the Central District of California

# PETITION FOR REHEARING EN BANC

BRETT SHUMATE
*Assistant Attorney General*

BILAL A. ESSAYLI
*First Assistant United States Attorney*

MARK R. FREEMAN
CHARLES W. SCARBOROUGH
SAMUEL HOBBS
*Attorneys, Appellate Staff*
*Civil Division, Room 7525*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 598-0743*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........ 1

RULE 40(b)(2) STATEMENT ........ 2

STATEMENT OF THE CASE ........ 2

ARGUMENT ........ 5

I. The "Serious Questions" Standard Conflicts with Supreme Court Precedent ........ 5

II. There Is an Ongoing Circuit Split on Whether the "Serious Questions" Standard Survived *Winter*. ........ 8

III. The Panel's Opinion Perpetuates Intra-Circuit Confusion Regarding the Sliding-Scale Test. ........ 13

CONCLUSION ........ 14

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

ADDENDUM

## INTRODUCTION

The panel reversed the district court's denial of a preliminary injunction for failing to apply the Ninth Circuit's "serious questions" standard under the sliding-scale test. The "serious questions" standard cannot be reconciled with Supreme Court precedent. In *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), the Court held that a strong showing on the merits did not justify relaxing the required showing of irreparable harm. More recently, in *Starbucks Corporation v. McKinney*, 602 U.S. 339 (2024), the Court held that courts may not relax the required showing of likelihood of success on the merits. Together, those decisions leave no room for a standard allowing a plaintiff to obtain preliminary relief based on anything less than a showing of likely success on the merits.

En banc review is warranted for three reasons. First, the panel's opinion requires the use of a standard that conflicts with Supreme Court precedent. Second, the panel's opinion conflicts with decisions by the Fourth, Eighth, and Tenth Circuits, each of which have held that the "serious questions" standard did not survive *Winter*. Third, the panel's opinion perpetuates an intra-circuit split in this Court on the continued applicability of the sliding-scale test.

The standard for issuing preliminary injunctions is exceptionally important. This Court should grant the petition for rehearing en banc to align its test with the standards mandated by the Supreme Court's decisions in *Winter* and *Starbucks*, to help

resolve the inter-circuit split, and to clear up any confusion in this Circuit's decisions going forward.

## RULE 40(b)(2) STATEMENT

The panel opinion conflicts with the Supreme Court's decisions in W*inter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) and S*tarbucks Corporation v. McKinney*, 602 U.S. 339 (2024). The panel opinion also conflicts with the decisions of the Fourth, Eighth, and Tenth Circuits. *The Real Truth About Obama, Inc. v. F.E.C.*, 575 F.3d 342, 346–47 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reissued in relevant part*, 607 F.3d 355 (2010); *Sierra Club v. U.S. Army Corps of Eng'rs*, 645 F.3d 978, 993–94 (8th Cir. 2011); *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1282 (10th Cir. 2016). And the panel opinion conflicts with at least one prior decision by this Court. *American Trucking Assocs., Inc. v. City of Los Angeles*, 559 F.3d 1046 (9th Cir. 2009).

## STATEMENT OF THE CASE

Plaintiff Daryl Whitfield is an import specialist for Customs and Border Protection (CBP). Op. at 2. For the first seven years of his employment, Whitfield worked in-office one day per week. *See* SER 38, 45. Between March 2020 and April 2022, CBP suspended all in-office work for import specialists due to the COVID-19 pandemic. Op. at 2. In April 2022, CBP returned to the policy requiring in-office work one day per week. *Id.* In March 2025, CBP required all import specialists to return to in-office work full time. *Id.*

Whitfield claims that he is unable to comply with any in-person work requirement due to various disabilities connected to his prior military service, including post-traumatic stress disorder, chronic migraines, tinnitus, gastroesophageal reflux disease, rhinitis, sinusitis, ADHD, rheumatoid arthritis, generalized anxiety disorder, and obstructive sleep apnea. *Id.* Beginning in March 2022, one month before CBP reinstituted its requirement of one day of in-office work per week, Whitfield submitted multiple reasonable accommodation requests to telework full time. *Id.* at 2–3. CBP granted certain accommodation requests, but denied his request to telework full time. SER 38, 69–70.

In May 2025, Whitfield commenced this action pro se. Op. at 3. He alleges that CBP failed to provide a reasonable accommodation and unlawfully retaliated against him in violation of the Rehabilitation Act. *Id.* He also alleges racial discrimination in violation of Title VII of the Civil Rights Act. *Id.* Whitfield sought a preliminary injunction that would (i) prohibit CBP from requiring him to work in person, and (ii) restore his telework schedule during the pendency of the case. SER 36.

The district court denied the motion for a preliminary injunction. Op. at 3. Citing the familiar standard for preliminary injunctions, the district court said that Whitfield must make a "clear showing" that "(1) [he] is likely to succeed on the merits, (2) [he] is likely to suffer irreparable harm absent the injunction, (3) the balance of equities tips in [his] favor, and (4) an injunction is in the public interest." SER 37. And because the relief Whitfield sought included a mandatory injunctive element (the

request to compel the agency to restore a specific telework schedule), the court stated that he must demonstrate that the law and facts clearly favor his position, rather than merely showing a likelihood of success. *Id.*

The district court concluded that Whitfield "cannot show a likelihood of success on the merits." *Id.* The court explained that Whitfield could not show that CBP failed to engage in an interactive process to reach a reasonable accommodation, because CBP had engaged in a dialogue with Whitfield and offered multiple accommodations. *Id.* at 38. The court also reasoned that Whitfield could not show he was denied a reasonable accommodation, because CBP offered to return Whitfield to his pre-pandemic schedule of working in-office one day per week, which is the same schedule he worked under for seven years before the pandemic. *Id.*

Whitfield appealed the denial of his motion for a preliminary injunction. In an unpublished memorandum order, a panel of this Court concluded that the district court had applied the incorrect preliminary injunction standard and reversed. Op. at 5. The panel explained that this Court employs the "sliding-scale test," under which plaintiffs "need only show serious questions on the merits" when "the balance of hardships tips sharply in their favor." *Id.* at 4. The panel also held that the district court erred by relying on the mandatory injunction standard. *Id.* at 4–5. Because Whitfield first sought an accommodation when the pandemic-era fully remote policy was still in effect, the panel concluded that his request should have been construed as an ordinary prohibitory injunction rather than a mandatory injunction. *Id.* at 5. The

panel thus held that, if the balance of hardships tips sharply in his favor, Whitfield need only establish that a serious question exists on the merits. *Id.* The panel remanded for further consideration under what the panel called "the *Winter* sliding-scale prohibitory injunction standard." *Id.*

## ARGUMENT

Rehearing en banc is warranted because this Court's continued use of the "serious questions" standard as part of the sliding-scale test is incompatible with Supreme Court precedent. There is a long-standing circuit split—and an intra-circuit split—on whether the sliding-scale test survived the Supreme Court's decision in *Winter*, but the Court's recent decision in S*tarbucks* removes any doubt that the "serious questions" standard is improper. This Court should take this case en banc to resolve the ongoing confusion and align its approach with the four-factor test the Supreme Court has made clear governs requests for preliminary injunctions.

### I. The "Serious Questions" Standard Conflicts with Supreme Court Precedent.

Prior to *Winter*, this Court applied a sliding-scale test for issuing preliminary injunctions, under which the plaintiff was required to show either "(1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in its favor." *Clear Channel Outdoor Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003). These two options represented the ends of the sliding scale. *See id.*

In *Winter*, the Supreme Court expressly overruled one end of the sliding scale. 555 U.S. at 22. The Court reiterated the classic four-factor test, stating that a "plaintiff seeking a preliminary injunction *must establish* that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (emphasis added). The Court then held that this Court's test—requiring only a "possibility" of irreparable injury—was "too lenient." *Id.* at 22. Explaining that a plaintiff must establish that irreparable injury is likely, not just possible, the Court concluded that the watered-down "possibility" standard "is inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.*

More recently, in *Starbucks*, the Supreme Court abrogated the other end of the sliding scale: the Court reversed the Sixth Circuit for watering down the merits prong of the preliminary injunction standard. 602 U.S. at 349. *Starbucks* involved a petition for an injunction under the National Labor Relations Act (NLRA). *Id.* at 344. For these injunctions, the Sixth Circuit asked "whether there is a reasonable cause to believe that unfair labor practices have occurred," rather than whether the plaintiff was likely to prevail on the merits. *Id.* A party "could establish reasonable cause by simply showing that its legal theory was substantial and not frivolous." *Id.* (cleaned up). The Supreme Court held that the ordinary test for preliminary injunctions applied to petitions for injunctions under the NLRA, and that the "reasonable cause

standard" was improper because "it substantively lowers the bar for securing a preliminary injunction." *Id.* at 349. Here, too, the "serious questions" standard "substantively lowers the bar" from the likelihood-of-success standard. *Id. Starbucks* makes clear that this is improper.

The combined effect of *Winter* and *Starbucks* leaves no room for the sliding-scale test. *Winter* holds that courts may not relax the required showing of irreparable harm, and *Starbucks* holds that courts may not relax the required showing of likelihood of success on the merits. If a strong showing on the merits did not justify lowering the required showing of irreparable harm, as *Winter* held, there is no reason to conclude that a strong showing on the balance of equities justifies lowering the required showing on the merits. *See also Nken v. Holder*, 556 U.S. 418, 438 (Kennedy, J., concurring) ("When considering success on the merits and irreparable harm, courts cannot dispense with the required showing of one simply because there is a strong likelihood of the other.").[1]

Although this Court has adhered to the sliding-scale approach in many cases post-*Winter*, the Supreme Court's decision in *Starbucks* makes clear that this position is no longer tenable. To the extent decisions by this Court previously distinguished *Winter* on the ground that it only prohibited courts from relaxing the showing for

[1] The *Nken* decision concerned the standard for issuing stays, but noted that "[t]here is substantial overlap between these and the factors governing preliminary injunctions." 556 U.S. at 434.

irreparable harm, *Starbucks* makes clear that courts likewise may not relax the required showing of likely success on the merits. In reversing the district court for not applying the "serious questions" standard, the panel lowered the required showing on the merits in precisely the way the Supreme Court rejected in *Starbucks*. This case accordingly presents an ideal vehicle for the en banc Court to definitively reject the "serious questions" standard and finally bring its approach in line with Supreme Court precedent.[2]

## II. There Is an Ongoing Circuit Split on Whether the "Serious Questions" Standard Survived *Winter*.

Even before *Starbucks*, a circuit split emerged over whether the continued use of the sliding-scale test for preliminary injunctions was proper after *Winter*. The Fourth, Eighth, and Tenth Circuits each held that the "serious questions" standard is inconsistent with *Winter*. *The Real Truth About Obama, Inc. v. F.E.C.*, 575 F.3d 342, 346–47 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reissued in relevant part*, 607 F.3d 355 (4th Cir. 2010); *Sierra Club v. U.S. Army Corps of Eng'rs*, 645 F.3d 978, 993–94 (8th Cir. 2011); *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1282 (10th Cir. 2016). The reasoning of these circuits is straightforward: *Winter*

---

[2] Although the panel's decision is unpublished, this Court has continued to apply the "serious questions" standard in published decisions post-*Starbucks*. *See Diamond Sands Apartments, LLC v. Clark County Nevada*, 164 F.4th 759, 762 (9th Cir. 2026) (affirming the denial of a preliminary injunction on the basis that the movant "failed to show serious questions" on the merits). En banc review is thus warranted for this unpublished decision, which cleanly presents the issue of whether *Starbucks* abrogates the "serious questions" standard.

says that a plaintiff "must establish that he is likely to succeed on the merits." 555 U.S. at 22. This standard is "far stricter" than a requirement to show a serious question. *Real Truth About Obama*, 575 F.3d at 347. "Under *Winter*'s rationale, any modified test which relaxes one of the prongs for preliminary relief and thus deviates from the standard test is impermissible." *Dine Citizens*, 839 F.3d at 1282. The "serious questions" standard is impermissible because it lowers the bar for the merits prong.

Judges of the Sixth and D.C. Circuits also recognized that the sliding-scale test is probably no longer viable, but those circuits have not squarely addressed the issue. *See Clevinger v. Advocacy Holdings, Inc.*, 134 F.4th 1230, 1235–36 (D.C. Cir. 2025) ("It is questionable that the sliding scale approach remains good law after 2008. . . . But we have (somehow) gone seventeen years without needing to say if *Winter* really meant what it can be read to have said."); *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 328 (6th Cir. 2019) (Nalbandian, J., concurring) ("To the extent, however, that our approach implies that a complete lack of a showing on one factor (especially irreparable harm or likelihood of success on the merits) could be justified by a showing on the other factors, I believe that we may be in tension with the Supreme Court."); *Davis v. Pension Ben. Guar. Corp.*, 571 F.3d 1288, 1295 (D.C. Cir. 2009) (Kavanaugh, J., concurring) ("[T]his Circuit's traditional sliding-scale approach to preliminary injunctions may be difficult to square with the Supreme Court's recent decisions.").

This Court, and the Second and Seventh Circuits, however, reached the opposite conclusion prior to *Starbucks*, holding that the "serious questions" standard

survived *Winter*. *See All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–35 (9th Cir. 2011); *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund, Ltd.*, 598 F.3d 30, 35–38 (2d Cir. 2010); *Hoosier Energy Rural Elec. Co-op., Inc. v. John Hancock Life Ins. Co.*, 582 F.3d 721, 725 (7th Cir. 2009). The primary rationale this Court and others offered to support that conclusion was that the "serious questions" standard preserves necessary flexibility to award an injunction in "complex litigation" where it is difficult at the outset of the case for courts to "determine with certainty that the moving party is more likely than not to prevail." *See Cottrell*, 632 F.3d at 1133 (quoting *Citigroup Global Mkts.*, 598 F.3d at 35).

That rationale does not withstand scrutiny and the en banc Court should reject it. As an initial matter, as already explained, the Supreme Court's 2024 decision in *Starbucks* leaves no doubt that the traditional likelihood-of-success standard is required and that a court may not "substantively lower[] the bar for securing a preliminary injunction." 602 U.S. at 349. That holding applies in "complex litigation" as much as in simpler matters.

*Starbucks* aside, moreover, the premise of this Court's rationale in *Cottrell* is mistaken: the *Winter* test does not require a court to find a likelihood of success "with certainty." *Cottrell*, 632 F.3d at 1133 (quoting *Citigroup Global Mkts.*, 598 F.3d at 35). By its own terms, the test acknowledges that it is a forecast of the *likelihood* of success on the merits. And despite the noted concern about the difficulty of evaluating the merits at the outset of litigation, other circuits have had no difficulty applying the

undiluted preliminary injunction standard for many years. Additionally, the undiluted standard does not remove courts' discretion and flexibility. *Cf. Nken v. Holder*, 556 U.S. 418, 434 (2009) ("The fact that the issuance of a stay is left to the court's discretion does not mean that no legal standard governs that discretion."). More fundamentally, this concern undervalues the importance of the merits prong. A preliminary injunction is an extraordinary remedy because it effectively awards relief *before* a party has actually proved his case. Extraordinary circumstances may warrant such action, but it is reasonable and appropriate to require a court to undertake a relatively rigorous inquiry to ensure that the underlying claim is sufficiently meritorious. In contrast, relaxing the merits prong makes it more likely that courts will order parties to take action (or refrain from taking action) without a proper basis.

This Court and other circuits have also suggested that the use of the "serious questions" standard as part of the sliding-scale test does not lower the overall burden. *See Cottrell*, 632 F.3d at 1133 ("Because the moving party must not only show that there are 'serious questions' going to the merits, but must additionally establish that 'the balance of hardships tips *decidedly*' in its favor, its overall burden is no lighter than the one it bears under the 'likelihood of success' standard.") (quoting *Citigroup Global Mkts.*, 598 F.3d at 35) (emphasis in original). This rationale for adhering to the sliding-scale approach is likewise unfounded. It disregards the Supreme Court's rationale in *Winter*, which held that a stronger showing on the merits did not justify lowering the required showing of irreparable harm. 555 U.S. at 22; *see also Nken*, 556 U.S. at 438

(Kennedy, J., concurring) ("When considering success on the merits and irreparable harm, courts cannot dispense with the required showing of one simply because there is a strong likelihood of the other."). There is even less reason to conclude that a strong showing on the balance of equities should justify lowering the required showing on the merits, given the well-established principle that the merits prong is a more important factor. *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024) (noting the merits "is the most important factor"); *see also Nken v. Holder*, 556 U.S. 418, 434 (2009) ("The first two factors of the traditional standard are the most critical.").

Finally, this Court and other circuits previously stressed that *Winter* only addressed the irreparable harm prong, and should not be extended to the merits prong. *Cottrell*, 632 F.3d at 1133 ("None of the [Supreme Court's recent] cases comments at all, much less negatively, upon the application of a preliminary injunction standard that softens a strict 'likelihood' of success requirement in cases that warrant it.") (quoting *Citigroup Global Mkts.*, 598 F.3d at 37) (alteration accepted). Whatever merit that argument may once have had, it is no longer true after *Starbucks*.

*Starbucks* makes clear that courts may not dilute the required showing of likelihood of success on the merits. *See* 602 U.S. at 349 (prohibiting courts from "lower[ing] the bar" for preliminary injunctive relief). Because the "serious questions" standard does just that, this Court should take this case en banc and clarify the proper standard in light of *Starbucks*, thereby aligning itself on the correct side of an ongoing circuit split on this issue.

## III. The Panel's Opinion Perpetuates Intra-Circuit Confusion Regarding the Sliding-Scale Test.

There is also ongoing confusion within this Court on the question whether the sliding-scale test survived *Winter*. Before the *Cottrell* decision, a panel of this Court had already indicated that *Winter* overruled its sliding scale test. *American Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). In that case, the district court denied a motion for preliminary injunction applying the sliding-scale test. *Id.* This Court noted that cases suggesting a "lesser standard" than the one set out in *Winter* "are no longer controlling, or even viable." *Id.* But the Court did not reverse on that basis alone, because the plaintiff had in fact shown that it was likely to succeed on the merits. *Id.* at 1057. The *Cottrell* decision elided the prior precedent from *American Trucking*, creating an intra-circuit split.

There is ongoing inconsistency within this Court on whether and how to apply the sliding-scale test. On the one hand, panels frequently cite the preliminary injunction standard from *Winter* without mentioning the sliding-scale test. *Garcia v. County of Alameda*, 150 F.4th 1224, 1229–30 (9th Cir. 2025); *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024); *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023). On the other hand, panels frequently follow *Cottrell* and cite or apply the sliding-scale test. *See e.g.*, *Diamond Sands Apartments, LLC v. Clark County Nevada*, 164 F.4th 759, 762 (9th Cir. 2026); *Bennett v. Isagenix Int'l LLC*, 118 F.4th 1120, 1126 (9th Cir. 2024); *Where Do We Go Berkeley v. Cal. Dep't of Transp.*, 32 F.4th 852, 859 (9th Cir. 2022). The panel's

decision here to apply what it called "the *Winter* sliding-scale prohibitory injunction standard" perpetuates this confusion. Op. at 5.

Rehearing en banc is warranted to resolve this ongoing confusion and clarify the appropriate test for preliminary injunctive relief under *Winter* and *Starbucks*.

## CONCLUSION

The Court should grant rehearing en banc.

Respectfully submitted,

BRETT SHUMATE
*Assistant Attorney General*

BILAL A. ESSAYLI
*First Assistant United States Attorney*

MARK R. FREEMAN
CHARLES W. SCARBOROUGH
SAMUEL HOBBS
*Attorneys, Appellate Staff*
*Civil Division, Room 7525*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 598-0743*

June 2026

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 3,528 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*s/ Samuel Hobbs*
Samuel Hobbs

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2026, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

*s/ Samuel Hobbs*
Samuel Hobbs

**ADDENDUM**

**NOT FOR PUBLICATION**

FILED

MAY 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARYL WHITFIELD,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security,<br><br>Defendant - Appellee. | No. 25-5220<br><br>D.C. No.<br>2:25-cv-04499-HDV-PD<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Hernan Diego Vera, District Judge, Presiding

Submitted April 30, 2026**

Before: McKEOWN, N.R. SMITH, and H.A. THOMAS, Circuit Judges.

Daryl Whitfield appeals the district court's denial of his motion for a preliminary injunction enjoining then-Secretary Kristi Noem from allowing Customs and Border Protection ("CBP")—Whitfield's employer—to mandate that

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Whitfield report in-person to the Los Angeles/Long Beach CBP office. We have jurisdiction under 28 U.S.C. § 1292(a)(1). Because the district court applied an incorrect preliminary injunction standard, we reverse and remand for further proceedings.

Whitfield is an import specialist for CBP. He suffers from numerous military service-connected disabilities: post-traumatic stress disorder, chronic migraines, tinnitus, gastroesophogeal reflux disease, rhinitis, sinusitis, ADHD, rheumatoid arthritis, generalized anxiety disorder, and obstructive sleep apnea. Since January 26, 2024, he has been found "totally and permanently disabled due to [his] service-connected disabilities."

Before 2020, Whitfield conducted in-person examinations of merchandise one day per week. Between March 2020 and April 2022, CBP suspended all in-person work for import specialists due to the COVID-19 pandemic. In April 2022, Whitfield's team reinstituted a one-day-per-week in-person work requirement. In March 2025, CBP required that all import specialists return to in-person work full time.

Whitfield first contested his return to in-person work under his collective bargaining agreement on March 2, 2022, prior to the reinstatement of the post-COVID return-to-work policy. He filed reasonable accommodation requests in March and October of 2022, and December of 2024; multiple requests to

reconsider those accommodation requests; and multiple Equal Employment Opportunity Commission complaints. On May 19, 2025, Whitfield commenced this action pro se, alleging that CBP failed to engage in the interactive process, failed to provide reasonable accommodation, and retaliated against him in violation of the Rehabilitation Act; and that Whitfield suffered racial discrimination in violation of Title VII. The following day, Whitfield filed a motion seeking a temporary restraining order and preliminary injunction based on his Rehabilitation Act reasonable-accommodation and interactive-process claims.

The district court denied Whitfield's motion for a preliminary injunction because he could not show a likelihood of success on the merits. In doing so, the district court applied the heightened preliminary injunction standard for mandatory injunctions.

We review de novo the district court's legal conclusions. *Where Do We Go Berkeley v. Cal. Dep't of Transport.*, 32 F.4th 852, 857 (9th Cir. 2022) (citation omitted). Plaintiffs seeking a preliminary injunction must establish (1) a likelihood of success on the merits; (2) irreparable harm; (3) that the balance of equities tips in their favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). When the government is a party, the last two factors merge. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

When evaluating the *Winter* factors, we employ a "sliding scale test." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). Although we have held that failure to demonstrate a likelihood of success on the merits permits a district court to deny a preliminary injunction without considering the other factors, *Bennett v. Isagenix Int'l LLC*, 118 F.4th 1120, 1126 (9th Cir. 2024), our sliding scale approach means that "when plaintiffs establish that the balance of hardships tips sharply in their favor," and the other factors are met, plaintiffs "need only show *serious questions* on the merits," *Where Do We Go Berkeley*, 32 F.4th at 859 (citation modified).

The district court erred by applying the mandatory injunction standard and requiring that "a court must find more than a likelihood of success" and that "the laws and facts [must] clearly favor [Whitfield's] position." Instead, under our ordinary sliding-scale approach for prohibitory injunctions, Whitfield needed only establish that a "serious question" existed as to whether he was denied a reasonable accommodation under the Rehabilitation Act if the balance of hardships tips "sharply" in his favor. *See id.* at 859.

Mandatory injunctions are those that "order[] a responsible party to 'take action'" and "go[] well beyond simply maintaining the status quo *pendente lite*." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc). "The status quo means the last, uncontested status which preceded the pending controversy."

*Id.* at 740 n.4 (quoting *N.D. ex rel. Parents v. Haw. Dep't of Educ.*, 600 F.3d 1104, 1112 n.6 (9th Cir. 2010)). Here, Whitfield began contesting CBP's in-office attendance policy in March 2022, prior to the end of the COVID-era remote-work policy. Therefore, the status quo *pendente lite* was fully remote work. *See GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) ("In this case, the status quo ante litem existed before Disney began using its allegedly infringing logo. The [contrary] interpretation . . . would lead to absurd situations, in which plaintiffs could never bring suit once infringing conduct had begun."). Properly construed, then, Whitfield's request is one for an ordinary prohibitory injunction.

We do not decide whether the balance of hardships tips sharply in Whitfield's favor or if Whitfield has successfully established a "serious question" as to the merits of his reasonable accommodation claim. We reverse and remand for further consideration under the *Winter* sliding-scale prohibitory injunction standard.

**REVERSED and REMANDED for further proceedings consistent with this disposition.**