Case No. 25-5220

*Memorandum Disposition filed May 5, 2026*
(*McKEOWN, N.R. SMITH, and H.A. THOMAS, Circuit Judges*)

# United States Court of Appeals for the Ninth Circuit

DARYL WHITFIELD

Plaintiff-Appellant,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security,

Defendant-Appellee.

On Appeal from the United States District Court
for the Central District of California

## RESPONSE TO PETITION FOR REHEARING EN BANC

STEPHEN F. RAIOLA
KIBLER FOWLER & CAVE LLP
270 Madison Avenue
Suite 1410
New York, NY 10016
sraiola@kfc.law

JESSE MENTZ
*Counsel of Record*
KIBLER FOWLER & CAVE LLP
11100 Santa Monica Blvd.
Suite 600
Los Angeles, California 90025
(310) 409-0400
jmentz@kfc.law

*Court-Appointed Pro Bono Counsel for Daryl Whitfield*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................... 1
ARGUMENT ................................................................................. 4
I. The government's request to overhaul the Ninth Circuit's preliminary injunctive relief standard is irrelevant to the error identified by the memorandum disposition. ........................................................................ 4
II. The government waived its challenge to the Ninth Circuit's preliminary injunction standard by not arguing it at all in its merits briefing or in the district court. ........................................................................ 8
III. The memorandum disposition does not meet the standard for en banc review ................................................ 11
IV. The government can seek review of this Court's preliminary injunction standard in future cases where the issue is cleanly presented, outcome-dispositive, and preserved. ........................................................................ 17
CONCLUSION ............................................................................. 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alliance for the Wild Rockies v. Cottrell*,
632 F.3d 1127 (9th Cir. 2011) ........ 5, 14

*American Trucking Associations v. Los Angeles*,
559 F.3d 1046 (9th Cir. 2009) ........ 14

*Anderson v. Neven*,
974 F.3d 1119 (9th Cir. 2020) ........ 13

*Bennett v. Isagenix Int'l LLC*,
118 F.4th 1120 (9th Cir. 2024) ........ 16

*Boardman v. Estelle*,
957 F.2d 1523 (9th Cir. 1992) ........ 8, 10

*Chatrie v. United States*,
146 S. Ct. 2193 (2026) ........ 7, 18

*Escobar Ruiz v. INS*,
813 F.2d 283 (9th Cir. 1987) ........ 8

*Garceau v. Woodford*,
281 F.3d 919 (9th Cir. 2002) ........ 8

*Garcia v. Cnty. of Alameda*,
150 F.4th 1224 (9th Cir. 2025) ........ 16

*Garcia v. Google, Inc.*,
786 F.3d 733 (9th Cir. 2015) ........ 1, 5, 6

*Grimm v. City of Portland*,
971 F.3d 1060 (9th Cir. 2020) ........ 13

*Hart v. Massanari*,
266 F.3d 1155 (9th Cir. 2001) ........ 13

*Hubbard v. City of San Diego*,
139 F.4th 843 (9th Cir. 2025) ........ 16

*Int'l Union of Operating Eng'rs, v. Nat'l Lab. Rels. Bd.*,
155 F.4th 1023 (9th Cir. 2025) .......... 16

*Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*,
341 F.3d 987 (9th Cir. 2003) .......... 3, 9

*Miller v. Gammie*,
335 F.3d 889 (9th Cir. 2003) .......... 12, 15, 17, 19

*San Francisco v. Sheehan*,
575 U.S. 600 (2015) .......... 19

*Starbucks Corporation v. McKinney*,
602 U.S. 339 (2024) .......... 1, 5

*United States v. Bryant*,
792 F.3d 1042 (9th Cir. 2015) .......... 12

*United States v. Easterday*,
564 F.3d 1004 (9th Cir. 2009) .......... 12

*United States v. Lewis*,
798 F.2d 1250 (9th Cir. 1986) .......... 8

*United States v. Patzer*,
284 F.3d 1043 (9th Cir. 2002) .......... 8, 9, 10, 19

*Whitfield v. Noem,*
No. 2:25-CV-04499, 2025 WL 2407128 (C.D.Cal. July 11, 2025) .......... 4, 5

*Winter v. Natural Resources Defense Council, Inc.*,
555 U.S. 7 (2008) .......... 5

**Rules**

Fed. R. App. P. 40 .......... 3, 11, 13, 14

## INTRODUCTION

Regardless of what one thinks of the government's argument that the Supreme Court's decision in *Starbucks Corporation v. McKinney*, 602 U.S. 339 (2024) has displaced this Court's "serious questions" standard for determining certain preliminary injunctions, the government has chosen the wrong vehicle to ask this Court to reevaluate it.

Mr. Whitfield, a veteran, won, pro se, a memorandum disposition reversing and remanding the district court's order denying his motion for a preliminary injunction—*not* because of the Ninth Circuit's preliminary injunction standard, but because the district court erroneously applied the standard for a mandatory injunction when Mr. Whitfield in fact sought a prohibitory injunction, which does not require the heightened showing that is required to obtain a mandatory injunction under binding circuit precedent. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (a plaintiff seeking a mandatory injunction must show more than "that [he] is likely to succeed").

Although the government now (for the first time, in its petition for

rehearing) challenges the preliminary injunction standard that this Court applies to prohibitory injunctions, it does not challenge (and previously expressly endorsed) this Court's standard for a mandatory injunction. It has identified no tension between any case—Supreme Court, Ninth Circuit, or otherwise—and the panel's straightforward holding that it was error to apply the mandatory injunction standard in this case. That error stands—and requires reversal—regardless whether the government is right or wrong about the preliminary injunction standard.

The panel's application of unchallenged Ninth Circuit law was unremarkable enough that this Court issued its opinion as a memorandum disposition. The panel broke no new ground. But the government now complains that the rules governing preliminary injunctions in the Ninth Circuit should be changed. Never mind that the case the government presents as intervening and irreconcilable has been comfortably on the books for over two years without incident, that its application would change nothing about the disposition of Mr. Whitfield's appeal, that the government forfeited the argument by not raising it on the merits, or that the decision the government challenges

is an unpublished memorandum disposition that would not trouble the law in this circuit even if it were precedential.

"Rehearing en banc is not favored." Fed. R. App. P. 40(c). That is as correct (and as unremarkable) in this case as the memorandum disposition that the government asks the entire circuit to overturn. The decision below was right to reverse the district court insofar as it improperly applied the mandatory injunction standard. And to the extent that the government's petition presents an exceptionally important question that merits en banc consideration, the Court should consider it in a different case. *See Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 1006 (9th Cir. 2003) (separate statement of Rymer, J.) ("[E]ven if the issue was and is exceptionally important, I do not believe it is *so* exceptionally important that it justifies deciding it in a vacuum—particularly when the issue is not dispositive, . . . was not identified as an issue on appeal, was not thoroughly vented in oral or written argument, is not inconsistent with Ninth Circuit precedent, and does not resolve a circuit split.").

The judges of this Court should accordingly save their time by denying the government's petition for rehearing.

## ARGUMENT

The government rests its whole argument for rehearing en banc on two fictions. First, that the memorandum disposition reversed based on the Ninth Circuit's sliding-scale test. Second, that the Ninth Circuit's sliding-scale test conflicts with the law of this circuit, other circuits, and recent developments from the Supreme Court (an argument which it waived). Neither premise is correct. Even if both were, this is the wrong case to address this Court's sliding-scale test. Because the government has not met the criteria for en banc review and because the government has waived the arguments it is now trying to raise for the first time in its en banc petition, the Court should deny its petition.

### I. The government's request to overhaul the Ninth Circuit's preliminary injunctive relief standard is irrelevant to the error identified by the memorandum disposition.

"The district court erred by applying the mandatory injunction standard and requiring that 'a court must find *more than* a likelihood of success' . . . ." Mem. Disp. at 4 (quoting *Whitfield v. Noem*, No. 2:25-CV-04499-HDV-PD, 2025 WL 2407128, at *1 (C.D. Cal. July 11, 2025)) (emphasis added). That central holding remains true regardless whether this Circuit applies the preliminary injunction standard as

articulated in *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–35 (9th Cir. 2011), or in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008), or, as the government suggests, as reiterated in *Starbucks Corporation v. McKinney*, 602 U.S. 339, 345 (2024) (quoting *Winter*, 555 U.S. at 20).

That is because the district court applied a different standard altogether, the *mandatory* injunction standard from *Garcia*, 786 F.3d at 740. Mem. Disp. at 4 (quoting *Whitfield v. Noem*, 2025 WL 2407128, at *1). The "familiar" preliminary injunction standard "requires a plaintiff to make a clear showing that 'he is likely to succeed on the merits . . . ,'"[1] (*Starbucks*, 602 U.S. at 345 (quoting *Winter*, 555 U.S. at 20)), and *Cottrell*'s articulation of the same standard requires certain plaintiffs to demonstrate "serious questions going to the merits," (632 F.3d at 1135 (expressly reasoning why the "serious questions" test is compatible with *Winter*)). But the mandatory injunction standard from *Garcia* requires more: "not simply that [a plaintiff] is likely to

[1] Although the likelihood of success on the merits is only the first of the four factors, the government's argument on rehearing concerns only this one.

succeed,"—which would satisfy *Winter*—but "that the law and facts *clearly favor* [a plaintiff's] position," 786 F.3d at 740 (emphasis in original), which is more than *Winter* requires. Because a mandatory injunction seeks more than a prohibitory injunction, *Garcia* requires "more than a likelihood of success" on the merits. Mem. Disp. at 4–5.

The problem in this case was that Whitfield wasn't seeking a mandatory injunction. As the panel correctly identified, he sought restoration of "the last, uncontested status which preceded the pending controversy." Mem. Disp. at 4 (quoting *Garcia*, 786 F.3d at 740 n.4). In Whitfield's case, this was "fully remote work." Mem. Disp. at 5. Requiring him to show "more than a likelihood of success" under *Garcia* was thus error.

The government does not challenge that conclusion nor seek to defend the district court's error. The government has identified no issue with the panel's holding—no error, no conflict, no exceptionally important question that would change this basic fact.

Instead, the government trains its fire on the memorandum disposition's rule statement, found in the preceding paragraph, which merely quotes the Ninth Circuit's standard for prohibitory preliminary

injunctions under *Cottrell*. Mem. Disp. at 4. The government does not argue that the memorandum disposition got this law wrong, either. It instead asks the en banc court to change the rule and overrule *Cottrell.*

The problem is, overruling *Cottrell* would not affect the disposition of this case. Say the government successfully petitions the en banc court to review its preliminary injunction standard, abrogate its articulation from *Cottrell*, and adopt—verbatim—language from *Starbucks*. In that event, instead of allowing certain preliminary injunctions on a showing of "serious questions" on the merits, every case would require a "clear showing" of "a likelihood of success." The disposition would indeed have an updated rule statement. But its holding would be the same, because a court that required "*more than* a likelihood of success on the merits"—as the district court did here—would still have erred under the government's proposed standard. The district court required Whitfield to clear an artificially high bar reserved for an injunction he didn't seek. Incrementally raising a lower bar does not redeem a ruling requiring him to clear an even higher one.

As a result, this appeal is the wrong vehicle for the government's petition. *Cf. Chatrie v. United States*, 146 S. Ct. 2193, 2223 (2026)

(Alito, J., dissenting) (criticizing as "advisory" a majority opinion which "will [not] affect the outcome of th[e] case"). The error below hinges on an entirely different misapplied standard—one that is erroneous under this Court's current articulation of its injunctive relief standard *and* under the one proposed by the government. Taking this case en banc would not change that.

## II. The government waived its challenge to the Ninth Circuit's preliminary injunction standard by not arguing it at all in its merits briefing or in the district court.

"[The] general doctrine of waiver applies to arguments raised for the first time in a petition for rehearing." *Boardman v. Estelle*, 957 F.2d 1523, 1535 (9th Cir. 1992); *see also United States v. Lewis*, 798 F.2d 1250, 1250 (9th Cir. 1986) (declining to address government's PFREB argument because it was not raised in its merits brief or at oral argument); *Garceau v. Woodford*, 281 F.3d 919, 919 (9th Cir. 2002) (same). "'Courts of Appeals will ordinarily not consider for the first time on rehearing issues not presented by the parties in their briefs on appeal.'" *United States v. Patzer*, 284 F.3d 1043, 1045 (9th Cir. 2002) (quoting *Escobar Ruiz v. INS*, 813 F.2d 283, 285–86 (9th Cir. 1987)).

While the Court can nevertheless exercise its discretion to hear

such a case, there are good reasons to question the wisdom of doing so when the issue in a particular case "is not dispositive, . . . was not identified as an issue on appeal, was not thoroughly vented in oral or written argument, is not inconsistent with Ninth Circuit precedent, and does not resolve a circuit split." *Kyocera*, 341 F.3d at 1006 (Rymer, J.). To "justify" the court's consideration of a PFREB argument that was not previously raised, then, this Court has said that the case must involve "extraordinary circumstances." *Patzer*, 284 F.3d at 1045 (internal quotations omitted).

In this case, the government did not challenge the Ninth Circuit's preliminary injunction standard in its answering brief or in the district court. It did not cite *Cottrell*, *American Trucking*, *Starbucks*, or any of the other cases it now relies on. Nor did it argue that *Cottrell* should be overruled. Instead, it fully endorsed the erroneous mandatory injunction standard that it does not now defend, directly presenting it first to the district court and then to this Court. (Def.'s Opp. to Plf.'s App. for Preliminary Injunction, *Whitfield v. Noem*, No. 2:25-cv-04499-HDV-PD, Dkt. No. 28 (C.D. Cal. June 9, 2025) ("Plaintiff must establish that the law and facts *clearly favor* his position, not simply that he is

likely to succeed." (emphasis in original)); (Ans. Br. at 13 (same)). After the district court erroneously followed the government's advice, the government defended it in its principal briefing: "the district court correctly analyzed Whitfield's motion under the *Winter* factors and the heightened mandatory injunction standard from *Garcia*." (Ans. Br. at 13.)

Only after the panel disagreed did the government pivot. In its petition for rehearing en banc, it does not defend the application of "the heightened mandatory injunction standard" it suggested and endorsed—instead, it attacks the preliminary injunction standard that applies to prohibitory injunctions throughout the circuit. The government's new, post-loss, unacknowledged assertion of a position it has not preserved is one that it waived. *Boardman*, 957 F.2d at 1535. What's more, the government has made no effort to demonstrate the "extraordinary circumstances" required to "justify [the court] considering on petition for rehearing issues which were not previously presented." *Patzer*, 284 F.3d at 1045. The Court should deny the petition on the grounds that the only argument it raises is brand new, waived, and contrary to its district court and principal briefing.

## III. The memorandum disposition does not meet the standard for en banc review.

"Rehearing en banc is not favored." Fed. R. App. P. 40(c); *see also id*. 40(a) (reiterating, twice in the same rule, that "rehearing en banc is not favored.") That is especially so in this case. Even if the memorandum disposition relied on *Cottrell*, and even if the government had not waived its challenge to *Cottrell*, it would not satisfy the criteria for en banc review.

The memorandum disposition does nothing to place the Ninth Circuit's preliminary injunction standard in tension with the law of the circuit, of other circuits, or of the Supreme Court—and the government knows it. That is why the government's argument section (which could easily be copied and pasted into any petition for rehearing en banc in a preliminary injunction appeal in the Ninth, Second, and Seventh circuits) contains no reference to a case-specific fact, nor even a citation to the memorandum disposition, save for a single, generic second-to-last line claiming that the decision "perpetuates . . . confusion." PFREB at 13–14. But because the memorandum disposition merely restates the law as it already exists, it fosters no "confusion"; and because it is not precedential, it does not "perpetuate" anything. If some decisions "cr[y]

out" for en banc review (*United States v. Bryant*, 792 F.3d 1042, 1046 (9th Cir. 2015) (O'Scannlain, J., dissenting from denial of rehearing en banc)), this memorandum disposition is mute.

The government's own arguments make this plain. If it is true, as the government contends, that the Supreme Court's decision in *Starbucks* is in direct conflict with the Ninth Circuit's longstanding preliminary injunction standard, then there is no need for en banc review. Instead, where an intervening Supreme Court decision is "clearly irreconcilable" with prior circuit precedent, a three-judge panel can overrule that precedent under *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). *Accord United States v. Easterday*, 564 F.3d 1004, 1011 (9th Cir. 2009) ("[I]t is not necessary to convene an en banc court in order to hold that [a case and its antecedent] are no longer binding authority."). And if the hypothetical three-judge panel opinion that reaches that conclusion is itself debatable, or if it arguably causes an intra-circuit split, then that opinion would present a much stronger case for en banc review than this one.

This, by contrast, is a memorandum disposition: unpublished, non-binding, non-precedential under Rule 36-3, "[d]esignedly lacking,

because of [its] limited function, the nuance and breadth of [a] precedential opinion[], . . . of little use to district courts or litigants in predicting how this Court—which, again, is in no way bound by such dispositions—will view any novel legal issues . . . ." *Grimm v. City of Portland*, 971 F.3d 1060, 1067 (9th Cir. 2020); *accord Hart v. Massanari*, 266 F.3d 1155, 1177–78 (9th Cir. 2001) (In a memorandum disposition, "the rule of law is not announced in a way that makes it suitable for governing future cases.").

And because the memorandum disposition in this case is not precedential, it "therefore could not disturb the 'uniformity of [our] court's decisions[,]'"—a prerequisite for en banc review under Rule 40(b)(2)(A). *Anderson v. Neven*, 974 F.3d 1119, 1120 (9th Cir. 2020) (Wardlaw, J., concurring in the denial of rehearing en banc) (quoting what is now Fed. R. App. P. 40(b)(2)(A)). The first criterion for en banc review, then, is out.

So, too, are the others. The government wants this Court to revisit *Cottrell*, and raises several arguments why *Cottrell* conflicts with various other cases. But it is not petitioning for *Cottrell* to be reheard en banc—it is petitioning for the "panel decision," Fed. R. App. P.

40(b)(2)(A)–(C), to be reheard en banc. And because the panel decision is not based on *Cottrell* (*see* Section I, *supra*), "the panel decision" does not "conflict with a decision of [this] court," *id.* 40(b)(2)(A), "the United States Supreme Court," *id.* 40(b)(2)(B), or "another United States court of appeals," *id.* 40(b)(2)(C). Nor does the panel's holding that the district court erroneously applied the mandatory injunction standard, which the government does not challenge, raise a question of exceptional importance. *Id.* 40(b)(2)(D).

But even if the memorandum disposition were precedential and relied on *Cottrell*, it is not clear that the case for en banc remediation is as urgent or as stark as the government makes it out to be. The government claims that *Cottrell* created an intra-circuit split with *American Trucking Associations v. Los Angeles*, 559 F.3d 1046 (9th Cir. 2009). That is not an accurate read of either case: Both cases expressly acknowledged that *Winter* overrode the pre-*Winter* standard allowing an injunction where there was only a possibility of irreparable harm. *Id.* at 1052; *Cottrell*, 632 F.3d at 1131. And neither case holds that *Winter* overrode the Ninth Circuit's "serious questions" articulation. (*American Trucking* does not even mention it, let alone resolve it opposite to

*Cottrell*.)

The government also claims that *Cottrell* created a circuit split. But as the government's own petition acknowledges, the alleged split has, by its own count, at least three circuits on each side. PFREB at 8–10 (contrasting approach of Fourth, Eighth, and Tenth Circuits with that of the Second, Seventh, and Ninth Circuits). That split may be a great reason for the Supreme Court to grant review. But the Ninth Circuit has made its position clear, and a split will continue even if it changes its mind. The memorandum disposition in this case creates no reason whatsoever to leave the Second and Seventh Circuits and jump to the other side. Either way, the split will exist, and the place to address it is in the Supreme Court and not this Court's en banc process.

The government next argues that *Cottrell* is irreconcilable with *Starbucks*. But if that's true, then, as explained above, a three-judge panel can remedy the irreconcilability under *Miller v. Gammie* in any case where the difference between the two standards would make a practical difference.[2] And the empirical evidence in this circuit suggests

---

[2] That the government did not even raise its *Starbucks* argument until rehearing suggests that this is not such a case.

no such irreconcilability exists. In the two-plus years since *Starbucks* was published, this Court has cited it four times: thrice for the uncontroversial rule statement that "[a] preliminary injunction is an 'extraordinary' equitable remedy that is 'never awarded as of right,'"[3] and once for its statement of when an NLRB order is reviewable.[4] In that same period, the Ninth Circuit has decided 82 cases involving preliminary injunctions, publishing 35 of them.[5] Not one of those decisions treated *Starbucks* as requiring reconsideration of the Ninth Circuit's preliminary injunction standard. If *Starbucks* and *Cottrell* were truly irreconcilable, one would expect at least one panel—out of 82—to have said so. The silence speaks volumes: practitioners, district courts, and panels alike have understood *Starbucks* as addressing the NLRA-specific "reasonable cause" standard, not the Ninth Circuit's

---

[3] *Garcia v. Cnty. of Alameda*, 150 F.4th 1224, 1229 (9th Cir. 2025); *Hubbard v. City of San Diego*, 139 F.4th 843, 849 (9th Cir. 2025); *Bennett v. Isagenix Int'l LLC*, 118 F.4th 1120, 1129 (9th Cir. 2024).

[4] *Int'l Union of Operating Eng'rs, Stationary Eng'rs, Loc. 39 v. Nat'l Lab. Rels. Bd.*, 155 F.4th 1023, 1038 (9th Cir. 2025).

[5] These numbers reflect Westlaw search results for Ninth Circuit cases as of August 12, 2026, in response to the following query: adv: (preliminary /3 injunct!) & (1292(a)(1)) & DA(aft 06-13-2024).

preliminary injunction standard,[6] about which there is neither crisis nor confusion.

If none of the 35 published Ninth Circuit preliminary injunction opinions (and none of the 47 Ninth Circuit preliminary injunction memorandum dispositions) since *Starbucks* merited en banc review (much less *Miller v. Gammie* analysis of the alleged irreconcilability), it is difficult to imagine how this one does.

## IV. The government can seek review of this Court's preliminary injunction standard in future cases where the issue is cleanly presented, outcome-dispositive, and preserved.

The government believes the Ninth Circuit should tighten its preliminary injunction standard, and the government is entitled to its opinion. But to the extent the government's position has merit (which Mr. Whitfield does not concede), there are much more defensible avenues through which the government can pursue the same relief, warranting the denial of the instant petition.

First, the government can litigate this position by selecting an appropriate case: one in which the difference between *Cottrell*'s "serious

[6] Nor have any panels in the Second or Seventh Circuits interpreted *Starbucks* to bear on their own sliding-scale standards.

questions" standard and *Winter*'s "likelihood of success on the merits" makes an actual difference. Such a case would most likely arise in a different posture: one in which the district court *grants* a preliminary injunction based on the existence of "serious questions" on the merits while noting that "likelihood of success" was too close to call. That case would squarely present the issue on appeal[7] and would give this Court the ability to issue more than "an advisory opinion[,] . . . not one iota of [which] will affect the outcome of the case." *Chatrie*, 146 S. Ct. at 2223. This case, by contrast, is an appeal from the *denial* of an application for preliminary injunction and one which applied a standard requiring "more than" a likelihood of success, not less. This case does not cleanly present the issue.

Second, when it finds a case with the right posture, the government can raise the argument in its opposition to a plaintiff's request for a preliminary injunction in the district court and can

[7] Such a case should not be difficult to find, given the volume of this Court's docket that involves preliminary injunctions. On the other hand, the government's inability to locate such a case to date may indicate that the difference between "serious questions" and "likelihood of success" is less practically significant than the government now makes it out to be.

continue to raise it in its merits briefing on appeal. That did not happen here. Waived arguments are poor candidates for sweeping rule changes. *See, e.g.*, *San Francisco v. Sheehan*, 575 U.S. 600, 609 (2015) (dismissing certiorari as improvidently granted where issue was "not hinted at" or "passed on below"); *Patzer*, 284 F.3d at 1045.

Third, with the right case and the argument preserved, the government can use each of its numerous procedural opportunities to seek a change in Ninth Circuit law rather than waiting on rehearing. First, it can ask the three-judge panel to hold that *Cottrell* is "clearly irreconcilable" under *Miller v. Gammie*. If it fails to persuade there, then it can petition for rehearing en banc, with the significant benefit of the three-judge panel's reasoned analysis of the arguments. And finally, if all else fails, if the argument has been preserved, and if the Ninth Circuit's standard is truly as out-of-step with the Supreme Court as the government argues, the government can petition for certiorari.

The existence of these other avenues suggests that this is neither the time nor the case for the en banc Court to accept the government's invitation to re-analyze its preliminary injunction standard. In light of the ample alternatives, the Court should reject the government's

invitation here.

## CONCLUSION

Having lost on the merits on an entirely different argument, the government attempts to salvage its loss by asserting a brand new position challenging longstanding Ninth Circuit law. The Court should reject the government's efforts to commandeer an uncontroversial memorandum disposition that a veteran won pro se and steamroll over an interlocutory appeal on which his job security and livelihood depend. This is the wrong vehicle. The Court should deny the petition.

Dated: August 12, 2026

KIBLER FOWLER & CAVE LLP

By: ______________________________

JESSE MENTZ
STEPHEN RAIOLA
*Court-Appointed Pro Bono Counsel for Daryl Whitfield*

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

## Form 11. Certificate of Compliance for Petitions for Rehearing/Responses

*Instructions for this form: https://www.ca9.uscourts.gov/forms/form11instructions.pdf*

**9th Cir. Case Number(s)** 25-5220

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 40-1, the attached petition for panel rehearing/petition for rehearing en banc/response to petition is *(select one)*:

(●) Prepared in a format, typeface, and type style that complies with Fed. R. App. P. 32(a)(4)-(6) and **contains the following number of words:** 4,047**.**
*(Petitions and responses must not exceed 4,200 words)*

**OR**

( ) In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

**Signature** /s/ Jesse Mentz **Date** August 12, 2026
*(use "s/[typed name]" to sign electronically-filed documents)*