**No. 25-5220**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

DARYL WHITFIELD,

Plaintiff-Appellant,

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security,

Defendant-Appellee.

---

On Appeal from the United States District Court
for the Central District of California

---

# REPLY IN SUPPORT OF PETITION FOR REHEARING EN BANC

---

BRETT A. SHUMATE
*Assistant Attorney General*

BILAL A. ESSAYLI
*First Assistant United States Attorney*

MARK R. FREEMAN
CHARLES W. SCARBOROUGH
SAMUEL HOBBS
*Attorneys, Appellate Staff*
*Civil Division, Room 7525*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 598-0743*

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................1

ARGUMENT ..............................................................................................................2

I. The Sliding-Scale Test Is Central to the Panel's Decision. ....................................2

II. The Government Did Not Forfeit Its Argument....................................................3

III. This Case Presents an Ideal Vehicle to Overrule the Sliding-Scale Test. .............6

CONCLUSION .........................................................................................................9

CERTIFICATE OF COMPLIANCE

## INTRODUCTION

In response to the government's petition for rehearing en banc, Whitfield makes no attempt to defend this Court's continued use of the sliding-scale test following *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), and *Starbucks Corp. v. McKinney*, 602 U.S. 339 (2024). Instead, Whitfield argues solely that this case is the "wrong vehicle" to recognize the abrogation of the sliding-scale test. That argument is misplaced. This case presents an ideal vehicle for considering this important issue, and this Court should take this opportunity to align its case law with governing Supreme Court precedent.

Contrary to Whitfield's assertion, the sliding-scale test was central to the panel's decision in this case. After the district court denied Whitfield's motion for a preliminary injunction without mentioning or applying the sliding-scale test, the panel reversed and ordered the court to apply the sliding-scale test on remand. This case thus squarely presents the pure legal question of whether that test is proper.

Whitfield also errs in arguing that the government forfeited any argument that the sliding-scale test should not apply. The government has consistently maintained that the ordinary preliminary injunction standard should apply, and the issue of whether to apply that standard or the sliding-scale test was before both the district court and the panel. Because this case presents an unusually clean vehicle to consider the issue of whether the continued use of the sliding-scale test conflicts with Supreme Court precedent, this Court should grant the petition.

## ARGUMENT

### I. The Sliding-Scale Test Is Central to the Panel's Decision.

Whitfield's principal argument in response to the government's petition is that the sliding-scale test was "irrelevant" to the panel's decision. Resp. to Pet. for Reh'g En Banc 4. That is incorrect.

The district court did not mention or apply the sliding-scale test. *See* SER 36–38. On appeal, the panel explained that this Court "employ[s] a sliding scale test," under which "plaintiffs need only show *serious questions* on the merits" "when plaintiffs establish that the balance of hardships tips sharply in their favor and the other factors are met." Op. 4 (quotations omitted). The panel did not decide whether Whitfield had established a serious question on the merits, and remanded for the district court to apply "the *Winter* sliding-scale prohibitory injunction standard." Op. 5. The instruction to apply the sliding-scale test was thus central to the panel's decision.

Although the panel also held that the district court erred by applying the mandatory injunction standard, Op. 4–5, the court did not actually rely on that heightened standard. For mandatory injunctions, plaintiffs must show "more than a likelihood of success"; they must show "that the laws and facts clearly favor the plaintiff's position." SER 37. But the district court simply held that Whitfield "cannot show a likelihood of success on the merits." *Id.* The court thus applied the ordinary standard for preliminary injunctions and did not reach the question of whether Whitfield met the higher bar for mandatory injunctions.

Whitfield thus errs in arguing that the panel's decision was based on the district court's application of the mandatory injunction standard, rather than the failure to apply the sliding-scale test. On its own, the district court's finding that the mandatory injunction standard applied was at most harmless error. In contrast, the court's failure to apply the sliding-scale test is potentially dispositive, because the court held that Whitfield "cannot show a likelihood of success on the merits," SER 37, without examining whether he could satisfy the watered-down showing of a "serious question" on the merits. By directing the court to re-examine Whitfield's motion under the sliding-scale test, the panel made this case an unusually clean vehicle to consider whether that test remains valid.

## II. The Government Did Not Forfeit Its Argument.

Contrary to Whitfield's suggestion, the government did not forfeit its argument that the sliding-scale test should not apply. Forfeiture applies to "claims," "not arguments." *United States v. Blackstone*, 903 F.3d 1020, 1025 n.2 (9th Cir. 2018) (quotations omitted). "Once a federal claim is properly presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below." *Yee v. City of Escondido*, 503 U.S. 519, 534 (1992).

Here, the government consistently argued throughout this litigation that the ordinary preliminary injunction standard mandated by *Winter* should apply. *See* Dkt. 28, at 6; Opp'n to Mot. for Inj. Relief 2; Appellee's Answering Br. 13. The government continued to maintain this position after Whitfield argued for the

application of the sliding-scale test. *See* SER 20; Appellant's Opening Br. 7. The issue of whether to apply the ordinary preliminary injunction standard or the sliding-scale test was squarely before both the district court and the panel.

In its rehearing petition, the government now invokes *Starbucks* to support its consistent position that the ordinary preliminary injunction standard should apply. Citing additional authority and further developing an argument to support a previously asserted position is not forfeiture. For example, in *Blackstone*, this Court held that the Government had not "waived its timeliness argument," but had merely made "an alternative argument to support what has been its consistent claim from the beginning." 903 F.3d at 1025 n.2. (citation modified). The Court explained that although "the Government's argument to us might have been expressed differently, based in large part on subsequent caselaw, [it] does not alter the fact that the Government has argued throughout that Blackstone's motion is untimely." *Id.* Here, too, the government has argued consistently that the ordinary preliminary injunction standard should control, buttressed now with additional authority.

This Court has also exercised its discretion to consider issues first raised in a petition for rehearing en banc when binding circuit precedent foreclosed raising the issue below. *See United States v. Hernandez-Estrada*, 749 F.3d 1154, 1160 (9th Cir. 2014) (en banc) (collecting cases). Here, *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–35 (9th Cir. 2011) required the application of the sliding-scale test. And a party need not ask a panel to invoke its narrow authority under *Miller v. Gammie*, 335 F.3d

889, 900 (9th Cir. 2003) (en banc) before asking the en banc court to overrule circuit precedent.

In any event, the Court may consider the government's position because it presents a pure legal issue. As this Court has recognized, "an appellate court can exercise its equitable discretion to reach an issue in the first instance [w]hen proper resolution is beyond any doubt, when injustice might otherwise result, and when an issue is purely legal." *Planned Parenthood of Greater Wash. & N. Idaho v. U.S. Dep't of Health & Hum. Servs.*, 946 F.3d 1100, 1110 (9th Cir. 2020) (citation modified). The exception for pure legal issues applies so long as the issue "does not affect or rely upon the factual record developed by the parties, or the pertinent record has been fully developed." *United States v. Patrin*, 575 F.2d 708, 712 (9th Cir. 1978) (citations omitted).

The issue of whether a party must show a likelihood of success on the merits or instead need only show "serious questions" on the merits in order to obtain a preliminary injunction is purely legal. It does not depend in any way on the factual record, and there is no prejudice to either party here, because the issue has already been presented and decided. Accordingly, even if the government forfeited this issue (which it did not), the en banc Court can and should decide the issue because it is purely legal and its proper resolution is not in doubt.

## III. This Case Presents an Ideal Vehicle to Overrule the Sliding-Scale Test.

It is rare for an appeal to squarely present the issue of whether the sliding-scale test is appropriate. The issue is not presented, for example, in the many cases where motions for preliminary injunctions are decided on threshold legal grounds, such as standing or immunity, or based solely on equitable factors. Even when a motion for preliminary injunction is decided based on the merits prong, the issue will not surface if the district court finds the plaintiff has shown a likelihood of success (because the defendant will not appeal that the standard should have been lower) or if the district court finds the plaintiff failed to show serious questions (because the plaintiff will not appeal that the standard should have been higher). The appeal must be in just the right procedural posture to present the issue. And even then, the appellate court may be able to resolve the case on another basis without reaching the issue.

The narrow set of circumstances required to tee up this particular issue is why the D.C. Circuit has gone nearly two decades without finding a proper vehicle to decide whether the sliding-scale test is incompatible with Supreme Court precedent, as it has repeatedly suggested. *See Clevinger v. Advocacy Holdings, Inc.*, 134 F.4th 1230, 1235–36 (D.C. Cir. 2025) ("It is questionable that the sliding scale approach remains good law after 2008. . . . But we have (somehow) gone seventeen years without needing to say if *Winter* really meant what it can be read to have said.").

This case presents just such a rare opportunity. The panel specifically reversed the district court for failing to apply the sliding-scale test. And there are no procedural impediments to the en banc Court's consideration of the pure legal question whether that test is consistent with Supreme Court precedent.[1]

Whitfield also argues that rehearing en banc is unwarranted because the panel's opinion is unpublished. Resp. 12–13. But that is no barrier to further review. To the contrary, this Court's appellate practice guide specifically acknowledges that an unpublished decision may sometimes be appropriate for en banc review if "the panel resolved the case in a memorandum disposition . . . because the significant legal issue presented had already been resolved by controlling Ninth Circuit precedent (and the Court therefore had no need to write another opinion on the issue)." *The Appellate Lawyers Representatives' Guide to Practice in the United States Court of Appeals for the Ninth Circuit*, 124 (Mar. 2026). That is exactly what happened here: the panel simply applied *Cottrell*, 632 F.3d at 1131–35, and there was no reason to issue a published opinion.

As explained in the government's petition, this case plainly satisfies the primary criteria for en banc review because the panel's opinion conflicts with Supreme Court precedent, at least some prior decisions of this Court, and precedent in other circuits.

[1] *Kyocera Corp. v. Prudential-Bache Trade Services, Inc.*, 341 F.3d 987 (9th Cir. 2003) (en banc) is inapposite. There, Judge Rymer objected to en banc review because neither party sought to reconsider the precedent at issue, and "[b]oth parties agree[d] [the precedent] should *not* be overruled." *Id.* at 1004 (Rymer, J., separate statement). Here, in stark contrast, the government seeks review of a conflict with Supreme Court precedent that is potentially dispositive.

*See* Fed. R. App. P. 40(b)(2)(A)–(C). Whitfield attempts to bypass these conflicts by arguing that the panel's decision was not based on the sliding-scale test. Resp. 14. As explained, however, that argument badly mischaracterizes the panel's opinion.

Whitfield alternatively argues that the panel's decision did not create the circuit split, which will continue regardless of this Court's position. Resp. 15. But that is not the correct standard for en banc review. The rule asks whether the panel decision "conflicts with an authoritative decision of another" circuit. Fed. R. App. P. 40(b)(2)(C). It unquestionably does. The rule does not require that the decision *create* a circuit split or be alone in the split. Moreover, this case presents a rare opportunity for this Court to help resolve the circuit split by addressing *Starbucks*' impact on the continued use of the sliding-scale test for this first time.

Finally, Whitfield argues "there is no need for en banc review" because a three-judge panel could conceivably acknowledge that the sliding-scale test is irreconcilable with intervening Supreme Court precedent. Resp. 12. The mere possibility of a panel recognizing such irreconcilability does not negate a conflict with Supreme Court precedent as a basis for en banc review. Moreover, a  panel might understandably be reluctant to take it upon itself to overrule *Cottrell*, which already considered the related question of whether the sliding-scale test survived *Winter*, *see Cottrell*, 632 F.3d at 1131–35, albeit without the benefit of the later guidance in *Starbucks*. The cleaner and more direct way for this Court to clarify the proper test for preliminary relief is to consider this issue en banc now.

## CONCLUSION

The Court should grant rehearing en banc.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

BILAL A. ESSAYLI
*First Assistant United States Attorney*

MARK R. FREEMAN
CHARLES W. SCARBOROUGH
SAMUEL HOBBS
*Attorneys, Appellate Staff*
*Civil Division, Room 7525*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 598-0743*

August 2026

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 2,094 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*s/ Samuel Hobbs*
Samuel Hobbs